UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY J. GIORDANO,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.  2:20-cv-02082-JDP (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)<br><br>ECF No. 21 |

Plaintiff's counsel moves for an award of attorney fees under 42 U.S.C. § 406(b). ECF No. 21. Plaintiff entered into a contingent fee agreement that provided he would pay counsel twenty-five percent of any award of past-due benefits. ECF No. 21-3. After this court remanded this action for further proceedings, plaintiff was found disabled and awarded $114,556.12 in past-due benefits. ECF No. 21-1. Counsel now seeks attorney's fees in the amount spent $22,639.03, which is less than twenty-five percent of total past-due benefits plaintiff was awarded.

An attorney is entitled to reasonable fees for successfully representing social security claimants in district court.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent

      of the total of the past-due benefits to which the claimant is entitled
      by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). Rather than being paid by the government, fees under section 406(b) are paid by the claimant from the awarded past-due benefits. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The twenty-five percent statutory maximum fee is not an automatic entitlement; the court must ensure that the requested fee is reasonable. G*isbrecht*, 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). In assessing whether a fee is reasonable, the court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

  The court finds that the requested fees are reasonable. Counsel's billing records reflect that he spent 19.1 hours litigation, and a paralegal spent an additional 12.4 hours. ECF No. 21-4. Counsel's request for $22,639.03, which is less than the statutory maximum, would constitute an hourly rate of approximately $719 for attorney and paralegal services.[1] Counsel did not engage in dilatory conduct and his performance was not substandard. Indeed, counsel's representation resulted in this matter being remanded for further proceedings, which resulted in a favorable decision and an award of benefits. ECF No. 21-2. Given counsel's experience, the result obtained in this case, and the risk of loss in representing plaintiff, the court finds the hourly rate reasonable. *See, e.g.*, *De Vivo v. Berryhill*, No. 1:15-cv-1332-EPG, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at effective hourly range of $1,116.26); *Jamieson v. Astrue*, No. 1:09-cv-0490 LJO DLB, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) (finding fee at effective hourly rate of $1,169.49 reasonable); *Naddour v. Colvin*, No. 13-CV-1407-BAS (WVG), 2016 WL 4248557 (S.D. Cal. Aug. 11, 2016) (awarding fee at effective hourly rate of $1,063); *Palos v.*

---

[1] A paralegal spent an additional 12.4 hours working on this case. The $1,85.29 does not account for this additional time.

*Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243 (C.D. Cal. Sept. 20, 2016) ) (finding fee at effective hourly rate of $1,546.39 reasonable).

    Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees, ECF No. 21, is granted.
2. Plaintiff's counsel is awarded $22,639.03 in fees pursuant to 42 U.S.C. § 406(b).

IT IS SO ORDERED.

Dated:   December 9, 2022                               
                                          JEREMY D. PETERSON
                                          UNITED STATES MAGISTRATE JUDGE

3